UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ISAAC LOVETT, ) ) Plaintiff, ) ) v. ) No. ) CHICAGO REGIONAL COUNCIL OF ) CARPENTERS, an Affiliate of United ) Brotherhood of Carpenters and Joiners ) of America; and Local Union No. 1027, ) Brotherhood of Carpenters and Joiners ) of America, ) ) Defendants. ) | **FILED** **DECEMBER 12, 2007** MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT PH **07 C 6991** **JUDGE HIBBLER** **MAGISTRATE JUDGE KEYS** |

## COMPLAINT

Plaintiff Isaac Lovett ("Lovett") states as follow as his Complaint against the Chicago Regional Council of Carpenters, an Affiliate of United Brotherhood of Carpenters and Joiners of America, and Local Union No. 1027, Brotherhood of Carpenters and Joiners of America (together, the "Union"):

### Parties

1. Lovett is an African-American citizen of the State of Illinois, residing in Carol Stream, Dupage County, Illinois.

2. At all times relevant hereto, the Chicago Regional Council of Carpenters was a voluntary unincorporated association with its principal place of business in Chicago, Cook County, Illinois.

3. At all times relevant hereto, Local Union No. 1027 was a local unit of the Brotherhood of Carpenters and Joiners of America with its principal place of business in Burr Ridge, Cook County, Illinois.

## Jurisdiction and Venue

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1343(a)(4), as this case involves violations of 42 U.S.C. §1981.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a)(1), as the Union resides in this district.

## Facts

6. Lovett was a member of the Union until he was stricken from its membership by the Union in or about October 2006.

7. In connection with Lovett's membership in the Union, he and the Union were bound by certain contracts, including the Union's Constitution and the Union's By-Laws and Working Rules (the "Contracts"), copies of which are attached as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively.

8. Section 1981 of the Civil Rights Act bars all racial discrimination with respect to the making and performance of contracts. 42 U.S.C. §1981(a). To make and enforce contracts includes the making, performance, modification, and termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C. §1981(b).

9. The Union has engaged in a litany of bullying and intimidation tactics designed to coerce Lovett into doing the Union's bidding, including, but not limited to, the following:

    a. Calling Mr. Lovett a "black scab";

    b. Following him and yelling racial slurs at him when he drove his vehicle or went to lunch;

    c. Threatening to take away his pension if the Union did not get a contract with Lovett's employer, Matrex Exhibits, Inc. ("Matrex");

  d. Fining him $49,200 for crossing a picket line at Matrex on August 22, 2005 (the "Excessive Fines");

  e. Expelling him from Union membership for crossing a picket line at Matrex on August 22, 2005; and

  f. Filing suit against Lovett in the Circuit Court of Cook County, Case No. 07 M1 149658 (the "State Court Action"), to collect the Excessive Fines.

10. The Union's imposition of a $49,200 fine, expulsion of Lovett from the Union, and filing of the State Court Action were all undertaken by the Union in the guise of enforcement of the Contracts. However, on information and belief, the Union did not attempt to "enforce" the Contracts in the same manner and to the same extent with respect to non-African American Union members who engaged in the same conduct as Lovett; specifically, such similarly situated non-African American Union members were not levied with sizable fines by the Union, were not expelled from Union membership, and were not sued by the Union after they crossed the picket line at Matrex.

## COUNT I – Violation of Section 1981

11. Lovett hereby restates and incorporates Paragraphs 1 through 10.

12. The Union repeatedly harassed Lovett because of his race.

13. On information and belief, the Union did not engage in the bullying and intimidation tactics described in Paragraph 8 above with respect to similarly situated non-African American Union members.

14. On information and belief, Non-African American Union members similarly situated to Lovett were treated more favorably than Lovett.

15. On information and belief, Lovett was not permitted to enjoy the same benefits and privileges of the Contracts, nor were the terms and conditions of the Contracts enforced in the same manner and to the same extent, as Non-African American Union members similarly situated to Lovett.

16. By all of the foregoing, the Union intentionally violated Lovett's rights under 42 U.S.C. §1981 with callous indifference to Lovett's rights.

17. As a direct and proximate result of the Union's violation of Section 1981 with regards to the enforcement of its contracts with Lovett, Lovett suffered and continues to suffer damages, including but not limited to emotional distress, deprivation of the privileges and benefits of Union membership, and monetary damages, including attorneys'' fees and costs incurred to defend the State Court Action.

Wherefore, Plaintiff Isaac Lovett respectfully requests entry of judgment in his favor and against the Chicago Regional Council of Carpenters and Local Union No. 1027, Brotherhood of Carpenters and Joiners of America, and entry of an order granting him the following relief:

    a. Reinstatement of his Union membership;

    b. Compensatory and punitive damages;

    c. Attorneys' fees and costs incurred in this action and in the State Court Action; and

    d. Such further relief as this Court deems equitable and just.

## Jury Demand

Plaintiff Isaac Lovett hereby demands trial by jury of all issues so triable.

ISAAC LOVETT

S/ Sheryl Jaffee Halpern

Sheryl Jaffee Halpern, Esq.
Phillip S. Reed, Esq.
Patzik, Frank & Samotny Ltd.
150 South Wacker Drive
Suite 1500
Chicago, IL  60606
(312) 551-8300 phone
(312) 551-1101 fax